IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GREGORY DARNELL JONES, PRO SE, | § | |
| TDCJ-CID No. 656504, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0253 |
| | § | |
| RICK THALER, Director Texas | § | |
| Department of Criminal Justice; and | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE INMATE TRUST FUND | § | |
| STATEMENT OF ACCOUNT, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff GREGORY DARNELL JONES, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant(s) and has submitted an application to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes"provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff JONES has sustained at least three dismissals which fulfill

the "three strikes" provision of the PLRA. Cause No. 4:00-CV-2938 was dismissed by the United States District Court for the Southern District of Texas, Houston Division, on August 23, 2001, as frivolous, and plaintiff's subsequent appeal was dismissed on April 1, 2002; Cause No. 4:00-CV-0307 was dismissed by the United States District Court for the Southern District of Texas, Houston Division, on June 13, 2002, for failure to state a claim on which relief can be granted, and no appeal was taken; and Cause No. 2:04-CV-0096 was dismissed for failure to state a claim on which relief can be granted by the United States District Court for the Northern District of Texas, Amarillo Division, on December 2, 2004, and no appeal was taken.

Pursuant to Title 28, United States Code, 1915(g), the Magistrate Judge FINDS plaintiff GREGORY DARNELL JONES may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g).

The ground plaintiff asserts, that trust fund officials are deducting a partial filing fee for each outstanding filing fee accumulated by plaintiff (plaintiff has accumulated at least six outstanding filing fees) does not fall within the statutory exception and is without merit.

In effect, plaintiff appears to be arguing Title 28, United States Code, section 1915(b)(2) only requires him to pay 20% of a deposit, no matter how many filing fees he has accumulated and is presently owing, and that the fee provisions of the PLRA[1] place a twenty percent cap on withdrawals from any deposit "per inmate," not "per case." The Fifth Circuit addressed the issue of whether the PLRA required the 20% calculation to be made on a "per case" or a "per prisoner" basis in *Atchison v. Collins*, 288 F.3d 177 (5th Cir. 2002). The *Atchison* court determined the unambiguous meaning of the text of section 1915 required the 20% calculation

---

[1] Prison Litigation Reform Act of 1995.

and collection be made on a "per case" basis.  Prisons, therefore, are mandated to collect 20% of an I.F.P. prisoner's income, calculated on a "per case" rather a "per prisoner" basis for monthly payments of filing fees in actions filed in federal court.  *Id*. at 181.  *Accord,  Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), *overruled on other grounds, Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609 (8th Cir. 1998) (Arnold, M.S., J.); *Hendon v. Ramsey*, 478 F.Supp.2d 1214, 1219 (S.D.Cal. 2007); *Samonte v. Frank*, 517 F.Supp.2d 1238, 1243 (D.Haw. 2007); *Lyon v. Kentucky State Penitentiary*, No. 5:02-CV-P53-R, 2005 WL 2044955 at *1 (W.D.Ky. Aug. 23, 2005); *Suggs. v. Caballero*, 2007 WL 541909 at *1 (E.D.Mich. Feb. 16, 2007).  *Contra, Whitfield v. Scully*, 241 F.3d 264, 276 (2d Cir. 2001 (Leval, J.); *Torres v. O'Quinn*, 612 F.3d 237 (4th Cir. 2010); *Lafauci v. Cunningham*, 139 F.Supp.2d 144, 147 (D.Mass.2001); *Fortune v. Patterson*, No. 04-377, 2009 WL 3166274 at *4 (W.D. Pa. Sept. 28, 2009).

    Because plaintiff has already sustained the "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's request to proceed in forma pauperis be denied and that the instant cause be dismissed for failure to pay the requisite filing fee.

    Permission to proceed *in forma pauperis* is granted temporarily and solely for the purpose of allowing a Report and Recommendation to issue and be considered by the United States District Judge.

    Plaintiff is advised that if he pays the $350.00 filing fee within <u>fourteen (14) days after the filing date hereof</u>, this Report and Recommendation of dismissal will be withdrawn.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of January, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).